IT IS ORDERED AND NOTICE IS GIVEN THAT:

    (a) The trustee is authorized to compensate the debtor's attorney in the amount requested below without further notice or order if copies are timely served per (b) unless, within 30 days of the FILED date, a party files a written objection that sets forth specific grounds for it, with the Clerk of Court, 1001 SW 5th Ave #700, Portland OR 97204. If the amount requested includes fees for work necessary to complete the case, and payment of such fees will have any impact on creditor distributions, the trustee is authorized to compensate the attorney in the amount requested for work necessary to complete the case 21 days after an itemized bill for the additional work is filed and a copy is served on the debtor unless, within 14 days after service, a written objection is filed.

    (b) The applicant must comply with all provisions in the court's Notice to Serve Document(s), and must BOTH (1) properly serve a copy of this document, AND (2) FILE a completed Certificate of Service using a copy of this document (WITHOUT any attachments).

    _____
    PETER C. McKITTRICK
    U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re    )
    ) Case No. _____
    )
    ) [ONLY FOR CHAPTER 13 CASES]
    ) APPLICATION BY DEBTOR'S ATTORNEY
    ) FOR SUPPLEMENTAL COMPENSATION;
Debtor(s)    ) AND ORDER AND NOTICE THEREON

I, the undersigned debtor's attorney, whose address and phone number are _____ _____, apply for additional compensation from the debtor's estate for the period from _____ to _____ in the sum of $_____ (which is not less than $500 unless this is a final application, and which, if this is a final application, includes $_____ in anticipated additional fees to complete the case), per the attached itemized billing summary.

I CERTIFY THAT:

    1. This (**Check One**)    IS    IS NOT my final application for compensation in this case.

    2. I have previously been awarded a total of $_____. If granted, the total approved compensation amount will be $_____.

1307 (12/1/15) **Page 1 of 2**

3.  My Disclosure of Compensation shows the debtor(s) and I agreed to:
    ___ Schedule 2   ___ Schedule 3.

4.  My previous application for compensation (i.e., either the original compensation disclosure or a supplemental application) was filed on _____, which is more than six months from the date of this application unless this is my final application.

5.  Allowance of this application will (mark all that apply):
    __ not affect the distribution to creditors.
    __ not change the length of the plan which is estimated at _____ months.
    __ change the length of the plan from an estimated _____ months to an estimated _____ months.
    __ delay the distribution to creditors by approximately _____ months.
    __ reduce the distribution to general unsecured creditors from an estimated _____% to an estimated _____ %.
    __ require that the debtor pay more, either by additional or increased plan payments sufficient to pay the additional fees.
    __ other: _____
    _____.

6.  Applicant will file a modified plan within 28 days of allowance of the compensation requested in this application if the allowance will otherwise require plan modification.

7.  Applicant declares that, except as explained below, the minimum time billed is not in increments that exceed .1 hour (6 minutes), and that any time spent working on multiple matters concurrently has been allocated between those matters so that total billings do not exceed the actual time spent:

DATE: _____                                    _____
                                                    Debtor's Attorney


***STOP:* BEFORE SERVING COPIES, SUBMIT THE MOTION TO OBTAIN A JUDGE'S ORDER!**

### CERTIFICATE OF SERVICE

I certify that on _____ a copy of this application and order thereon (without attachments unless the order requires service of an economic impact statement on the debtor), and any Notice of Hearing prepared by the court per the judge's order, were served on the debtor, and, if amounts requested and anticipated exceed $1,000, on all creditors who filed claims and entities that filed a request to receive all case notices.

_____
Signature & Relation to Applicant

1307 (12/1/15) **Page 2 of 2**

Case 16-31781-tmb13   Doc 29   Filed 11/08/17

# Chapter 13 Post-Confirmation Fee Itemization

Hackett Law Firm, LLC 1500 NW Bethany Bldv. #288 Beaverton, OR 97006

| Client(s): Anthony Stratton | Case No.: 16-31781 | | | |
|---|---|---|---|---|
| Hourly Rates: | | | | |
| Ryan Hackett (RPH), Attorney: $340/hr | | | | |
| Rosemary Zook (REZ), Attorney: $330/hr | | | | |
| Christy Dickson (CLD), Josh Orem (JRO) Attorney: $200/hr | | | | |
| Cheryl Riley/Terrien (CLR/CLT), Paralegal: $180/hr | | | | |
| Legal Assistant: $110/hr | | | | |
| All Other Staff: $75/hr | | | | |

| Date | Description of Task | Staff | Time | Rate | Cost |
|---|---|---|---|---|---|
| 6/22/2016 | I emailed the client information for making a payment to Scappoose for misdemeanor to get Driver License released | CLT | 0.1 | 170 | $ 17.00 |
| 6/22/2016 | I had a phone call with Shelby from Cushings office about information for the client to pay misdemeanor. | CLT | 0.1 | 170 | $ 17.00 |
| 6/22/2016 | I called Kathy from the City of Scappoose and left a message about needing some additional information. | CLT | 0 | 170 | $ - |
| 6/22/2016 | I emailed the client to confirm he needs to pay $465 to get drivers license back and left a message to find out where he needs to make the payment. | CLT | 0 | 170 | $ - |
| 6/22/2016 | I called Doug Cushing and left a message to get information for client to make a payment on misdemeanor | CLT | 0.1 | 170 | $ 17.00 |
| 6/22/2016 | REZ confirmed that client needs to pay $465 to get drivers license back | CLT | 0 | 170 | $ - |
| 6/22/2016 | I emailed the client that he will need to pay $465 for misdemeanor for City of Scappoose to get drivers license released. | CLT | 0.1 | 170 | $ 17.00 |
| 6/23/2016 | Kathy with the City of Scappoose called back, I told her drivers license has been released, issue resolved. | CLT | 0 | 170 | $ - |
| 6/23/2016 | the client emailed thank you. | CLT | 0 | 170 | $ - |
| 6/23/2016 | I prepped and filed the amended wage order for the step payment per ocp agreement | CLT | 0.2 | 170 | $ 34.00 |
| 6/23/2016 | The client emailed that his drivers license has been released. | CLT | 0 | 170 | $ - |
| 6/24/2016 | I sent a letter to the client that the case is confirmed. | CLT | 0.2 | 170 | $ 34.00 |
| 6/24/2016 | I received the signed amended wage order from the court, I emailed the client a copy with a heads up to watch his paystubs and mail the difference to the trustee until the new amount is withheld. | CLT | 0.1 | 170 | $ 17.00 |
| 6/27/2016 | Emails with the client about timing of the new wage order | CLT | 0.1 | 170 | $ 17.00 |
| 6/30/2016 | I received returned mail from Providence. I scanned and gave this to CLR. | KDR | 0 | 75 | $ - |
| 7/12/2016 | I reviewed the returned mail from Providence buisness Office, I prepped and filed a change of address. | CLT | 0 | 170 | $ - |
| 7/18/2016 | I received via ecf a Notice about still needing the financial managment certificate. I sent a letter to the client with this information. | CLT | 0.2 | 170 | $ 34.00 |
| 8/8/2016 | I reviewed the claims for the bar date. | CLT | 0 | 170 | $ - |
| 9/30/2016 | The client called regarding the wage order garnishment is more from his paycheck than it should be. He asked if CLR can call him. | KDR | 0 | 75 | $ - |
| 10/3/2016 | The client called and said that he got the wage order issue resolved. | CLT | 0 | 170 | $ - |
| 10/3/2016 | I emailed the client about the wage order and amount needs to be taken weekly. | CLT | 0.1 | 170 | $ 17.00 |
| 10/3/2016 | I tried to call the client back, no answer and no voice mail. | CLT | 0 | 170 | $ - |
| 10/19/2016 | I prepped and filed a proof of claim for IRS. | CLT | 0.2 | 170 | $ 34.00 |
| 10/19/2016 | Phil with the IRS called and confirmed no priortiy tax debts in this case | CLT | 0.1 | 170 | $ 17.00 |
| 10/19/2016 | I called Phil at IRS and left a message about the goverment bar date Nov 1st no claim filed, we were expecting one. | CLT | 0.1 | 170 | $ 17.00 |
| 12/5/2016 | I received a letter from the trustees office, intent to pay claims, I scanned & gave this to CLR | KDR | 0 | 75 | $ - |
| 12/8/2016 | I reviewed the trustee's notice of intent to pay claims, I compared confirmed plan against the trustee's site. | CLT | 0.1 | 170 | $ 17.00 |
| 12/22/2016 | The client called and said he received a statemnet in the mail, told him to email it so CLR can look it over. | KDR | 0 | 75 | $ - |

# Chapter 13 Post-Confirmation Fee Itemization

Hackett Law Firm, LLC 1500 NW Bethany Bldv. #288 Beaverton, OR 97006

| Date | Description | | | | |
|---|---|---|---|---|---|
| 12/23/2016 | I reviewed the clients file, I emailed the client about Cowlitz County not listed and that we can file Supp F to add $31 fee, no guarantees | CLT | 0.2 | 170 | $ 34.00 |
| 12/23/2016 | The client emailed a picture of the bill from Cowlitz County- I saved to his file. | CLT | 0 | 170 | $ - |
| 1/4/2017 | additional emails with the client regarding the Cowlitz county bill | CLT | 0.1 | 180 | $ 18.00 |
| 1/6/2017 | I began prep of the Supp F to add Cowlitz County. I emailed the client that it says the balance due is zero. I advised him to call the County. | CLT | 0.1 | 180 | $ 18.00 |
| 1/11/2017 | I sent a letter to the client a reminder to send 2016 returns to our office and net tax refunds go to the trustee. | CLT | 0.2 | 180 | $ 36.00 |
| 1/30/2017 | I emailed the client about the collection letter may be a scam, please save any further information from them. | RPH | 0.1 | 340 | $ 34.00 |
| 1/30/2017 | I drafted and sent a fax to the Collection attorney about the Multnomah County debt and advised them the cease collection. | RPH | 0.3 | 340 | $ 102.00 |
| 1/30/2017 | I received an email from the client and replied regarding the multnomah county collection letter and tax questions. I reviewed the file for Multnomah county debt. | RPH | 0.2 | 340 | $ 68.00 |
| 5/3/2017 | The client emailed asking what he is supposed to do with tax returns. | CLT | 0 | 180 | $ - |
| 5/3/2017 | I emailed the client that he can forward his tax returns to our office and we can send them to the trustee and net refunds go to the trustee. | CLT | 0.1 | 180 | $ 18.00 |
| 5/4/2017 | The client emailed that he will get tax returns over as soon as possible | CLT | 0 | 180 | $ - |
| 5/19/2017 | I prepared and mailed a letter to the client regarding his post filing tax debts. | CLT | 0.2 | 180 | $ 36.00 |
| 5/19/2017 | I emailed the client that a copy of his 2016 tax returns have been forwarded to the trustee and about tax debts. | CLT | 0 | 180 | $ - |
| 5/19/2017 | I redacted the clients 2016 tax returns and forwarded a copy to the Trustee's office. | CLT | 0.1 | 180 | $ 18.00 |
| 5/19/2017 | The client emailed a copy of his 2016 tax returns, I saved a copy to his file. | CLT | 0 | 180 | $ - |
| 5/22/2017 | I had emails with the client regarding his 2016 tax debt and adjusting his withholdings. | CLT | 0.1 | 180 | $ 18.00 |
| 11/7/2017 | reviewed file for supplemental attny fees | KDR | 0 | 75 | $ 35.00 |
| | | | | | $ 741.00 |